## GRAHAM *v.* ENDICOTT *et al.*

Where the defendant, as sheriff, collects money on an attachment, more than sufficient to satisfy the attaching creditor, and after the expiration of his term of office another attaching creditor attaches the surplus, and seeks to make the ex-sheriff liable therefor on his official bond : *Held,* that the demurrer to the complaint was properly sustained, as there was no relation between the defendant and plaintiff to render defendant officially liable.

The defendant could only be garnisheed as a private individual.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

This was an action in the Court below against Endicott and

his sureties on his bond as sheriff of Nevada county, for refusing to pay over certain moneys collected by him before the expiration of his office.

The facts set up in the complaint are substantially as follows: Endicott, while sheriff, levied certain attachments upon the property of Adams & Co., the proceeds of which were more than sufficient to satisfy the claims of the attaching creditors, leaving a balance in his hands. After the expiration of his term of office, the plaintiff recovered a judgment against Adams & Co., attached the money remaining in Endicott's hands, and now seeks to make him and his sureties officially liable for the same.

Defendant demurred. The demurrer was sustained, and plaintiff appealed.

*McFarland and Caldwell* for Appellant.

Where it is shown to the Court that the sheriff individually is unable to respond, which may be done by affidavit, the remedy is complete on the official bond of the sheriff for a default or misconduct of said officer while he shall continue to discharge any of the duties, or hold said office.

See 2 Wend. R., p. 299, in the case of Anderson *v.* Hitchcock, where it is decided " the Court are authorized to order the bond of the sheriff to be put in suit without requiring that a previous recovery shall have been had against the sheriff." " It is no longer necessary to show a recovery," but in the exercise of a sound discretion the Court are of opinion " it should be shown to the Court, which may be done by affidavit, that the sheriff is individually unable to respond in damages for the default or misconduct alleged against him."

It would be a ruinous doctrine, that under such circumstances the defaulting sheriff is only " liable in the same manner and to the same extent as any other garnishee, and no further." The law has wisely provided a further liability in the bond.

*McConnell* for Respondent.

This action is on the bond of Endicott, or in other words, it is a proceeding against him in an official capacity, and against his sureties as guarantors of his official conduct, for an act or rather an omission to do an act after the expiration of his term of office, and not pertaining to his official duties. It is not, of course, denied that the liability of a sheriff or other ministerial officer may continue after his term of office has expired, in respect to such matters as come into his hands during his term. But here it is expressly shown by the complaint, that the attachment sued out by plaintiff was never in the hands of Endicott, but was served on him as garnishee by his successor in office.

If the garnishment was properly made, and he had in his possession at the time any funds belonging to Adams & Co., why,

he is liable in the same manner and the same extent as any other garnishee, and no further.

MURRAY, C. J., after stating the facts, delivered the opinion of the Court—TERRY, J., and BURNETT, J., concurring.

The complaint was demurred to, and the demurrer properly sustained. There was no relation between the present plaintiff and Endicott that would render him officially liable. Although responsible to Adams & Co., he was, so far as the plaintiff is concerned, a mere bailee of Adams & Co., and could only be garnished as a private individual.

Judgment affirmed.